UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 10-222** |
| **LARRY RAMEE** | **SECTION I** |

### ORDER

Before the Court is a "Motion to Reduce and Reconsider Sentence Pursuant to 18 U.S.C. 3682(c)(2)"[1] filed by defendant, Larry Ramee. The United States of America has filed an opposition.[2]

Section 3582(c)(2) provides that courts may "modify a term of imprisonment once it has been imposed . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Here, defendant has not identified a subsequent guidelines amendment that would potentially authorize relief pursuant to § 3582(c)(2).[3] Accordingly, such relief is unavailable.

Defendant raises several other argument, but these arguments may not be considered pursuant to a § 3582(c)(2) motion. Defendant argues that his sentence should have been lower

---

[1] R. Doc. No. 608.

[2] R. Doc. No. 629.

[3] Defendant received the benefit of Amendment 750 at the time he was sentenced. Defendant also received the benefit of the guidelines' "safety valve" provision, U.S.S.G. § 5C1.2, such that he was not subject to any mandatory minimum sentence. R. Doc. No. 512, at 44; *see also Dorsey v. United States*, 132 S. Ct. 2321 (2011).

because he "was not a ring leader" and his "points were lower than most of the people involve[d]."[4] He also argues that the Presentence Investigation Report prepared by U.S. Probation contains inaccurate information with respect to his prior convictions. He additionally suggests that he received ineffective assistance of counsel. " 'A § 3582(c)(2) motion is not the appropriate vehicle for raising issues related to the original sentencing' " that are cognizable on direct appeal.[5] *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009) (modification omitted) (quoting *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir.1994)); *see also United States v. Cooley*, 590 F.3d 293, 297 & n.14 (5th Cir. 2009). Moreover, a § 3582(c)(2) motion cannot be used to advance an ineffective assistance of counsel claim. *United States v. Villa*, 149 F.3d 1176, 1176 (5th Cir. 1998).

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, July 22, 2013.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[4] R. Doc. No. 608, at 2.

[5] Defendant appealed his sentence, but his appeal was dismissed for want of prosecution. R. Doc. Nos. 529, 571.